UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOSEPH CLARK,

                          Plaintiff,

      v.                                                        1:09-cv-1037

THOMAN DiNAPOLI AS STATE COMPTROLLER
OF THE STATE OF NEW YORK AND NEW YORK
STATE POLICE AND FIRE RETIREMENT SYSTEM,
et al.,

                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

        Plaintiff Joseph Clark commenced the instant action pursuant to 42 U.S.C. § 1983 asserting claims for violations of his right to due process, equal protection, free speech, and to petition government for the redress of grievances, and additional claims for violations of N.Y. Gen. Mun. Law § 207-c and the Americans with Disabilities Act. Presently before the Court is Defendant Town of Clarkstown, Town Board of the Town of Clarkstown, William Collins, and Kevin Kilduff (collectively the "Town Defendants") motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

I.      FACTS

Plaintiff filed a seventy-eight page, two-hundred and five paragraph Complaint that can be distilled as follows.[1] Plaintiff was employed as a police officer by the Town of Clarkstown (the "Town") in Rockland County, New York. Beginning in 1989, Plaintiff began receiving benefits pursuant to N.Y. Gen. Mun. Law § 207-c.[2] In 1995, the Town, through Defendant then Chief of Police William Collins, applied for retirement disability benefits pursuant to N.Y. Retire. & Soc. Sec. Law § 363-c on Plaintiff's behalf.[3] On or about February 4, 1999, Defendant State Comptroller issued a determination granting the Town's application for the retirement of Plaintiff for disability incurred in the performance of duty.[4] As a result of the Comptroller's determination, the Town removed Plaintiff from its payroll.

Plaintiff requested a hearing concerning this determination. Because of the request for a hearing, Defendant Retirement System refused to pay Plaintiff a retirement allowance.

---

[1] Plaintiff apparently is intending to move to file a proposed amended pleading. See Dkt. Nos. 29 and 39. One version of Plaintiff's proposed amended complaint is 95 pages. The length and prolixity of the proposed amended pleading (as well as the current Complaint) may well run afoul of Fed. R. Civ. P. 8's requirement of a "short and plain" statement. See Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988); see also Gollomp v. Spitzer, 568 F.3d 355, 372 (2d Cir. 2009); Dunn v. Albany Medical College, 2010 WL 2326127m at *6 (N.D.N.Y. 2010); Zuk v. Onondaga County, 2008 WL 687076, at *1 (N.D.N.Y. 2008). Plaintiff is encouraged to review Rule 8's requirements and substantially pare down his Complaint prior to filing any proposed amended pleading.

[2] Section 207-c deals with the payment of salary, wages, and medical expenses of a policeman injured in the performance of duty. Section 207-c entitles a policeman to be paid his salary while disabled if he was injured during the course of duty. As is significant to this case, payments cease if, among other reasons, "such policeman is granted . . . a retirement for disability incurred in the performance of duty allowance pursuant to section three hundred sixty-three-c of the retirement and social security law. . . ." Section 207-c benefits are greater than section 363-c benefits.

[3] Pursuant to § 363-c, an application for retirement for disability incurred in performance of duty may be made by "[t]he head of the department in which such member is employed." § 363-c(c)(2). As noted, pursuant to section 207-c, the granting of § 363-c retirement disability benefits would cause payments under § 207-c to discontinue.

[4] Plaintiff contends that this determination was made without notice and an opportunity to be heard.

In September 1999, the Retirement System began paying a retirement allowance to Plaintiff. A hearing was held in September 1999 concerning whether the employer's application should be granted. Pursuant to the Retirement System's recommendation, Plaintiff filed an proceeding pursuant to N.Y.C.P.L.R. Art. 78 challenging the determination. The Retirement System then advised Plaintiff that it would schedule further proceedings on the merits. As a result, in 2000, the Article 78 proceeding was dismissed. To date, no further hearings have been held.[5] In 2001, Plaintiff applied for accidental disability retirement. He was granted such benefits in April 2001.

Plaintiff contends that the hearing was unfair, no evidence on the merits was submitted, and the Retirement System's determination was without a proper factual basis. Plaintiff argues that the Town Defendants "took no steps whatsoever to ensure that the Plaintiff received his Constitutional rights to due process."

Plaintiff commenced the instant lawsuit asserting claims for: (1) violations of his right to due process of law; (2) violation of his right to equal protection of the law; (3) violation of his right to free speech; (4) violation of his right to petition the government for the redress of grievances; (5) violation of N.Y. Gen. Mun. Law § 207-c; and (6) a violation of the Americans with Disabilities Act. Presently before the Court is a motion by the Town Defendants to dismiss the claims against them pursuant to Fed. R. Civ. P. 12(c) on the grounds that: (1) Plaintiff's claims are time-barred; (2) Plaintiff's claims are barred by res judicata; (3) Plaintiff is ineligible for reinstatement as a police officer; (4) Plaintiff's claims are moot; (5) the individual defendants are entitled to qualified immunity; (6) Plaintiff has failed to

---

[5] The proposed amended complaint asserts that a hearing was held in December 2009, but that the hearing was riddled with procedural improprieties and due process violations.

identify and serve the John Doe Defendants; and (7) the Complaint fails to state a claim upon which relief can be granted.

On September 27, 2010, Plaintiff filed papers in opposition to the motion. While, ordinarily, these papers would have been timely, under the facts and circumstances of this case, they are not. Defendants' motion was initially made returnable on the Court's December 13, 2010 motion calendar. On November 22, 2010, the parties submitted a stipulation seeking an adjournment of the motion to the Court's January 10, 2011 motion calendar. Under the stipulation, the parties agreed that "[p]apers in opposition to the motion will be filed on or before December 23, 2010."[6] The Court granted the parties' stipulation. In addition to the stipulation that the parties signed indicating that opposition papers were due on December 23, 2010, an entry was made on the docket specifically indicating that "Response to Motion due by 12/23/10."

Plaintiff did not file opposition papers until December 27, 2010, after the December 23 deadline to which he agreed. Plaintiff does not offer any reason establishing excusable neglect for the delay. In light of the agreed upon deadlines reflected in the stipulation and on the docket, Plaintiff's papers are untimely and, thus, pursuant to N.D.N.Y.L.R. 7.1(b)(3) "shall not [be] consider[ed]."

---

[6] Had the motion originally been made returnable on January 10, 2011, opposition papers would have been due on December 24, 2010. Because the Court was closed on December 24, 2010 due to the holiday, papers would have been due on December 27, 2010. The parties' stipulation overrode these deadlines.

**II.      STANDARD OF REVIEW**

The standard pursuant to Fed. R. Civ. P. 12(c) is identical to that under Rule 12(b)(6). Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level. . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965. "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. at 1965 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). A complaint does not suffice "if it tenders naked assertions devoid of further factual enhancement." Ashcroft, 129 S. Ct. at 1949. Legal conclusions must be supported by factual allegations. Iqbal, at 1950. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quoting Twombly, 550 U.S. 557) (internal quotations omitted).

With this standard in the mind, the Court will address the pending motion to dismiss.

### III.     DISCUSSION

The Town Defendants move to dismiss on the ground that the claims against them are time-barred.  In support, the Town Defendants contend that all acts attributable to them occurred no later than 1999 or 2000.[7]  It is well-settled that, in New York, claims pursuant to 42 U.S.C. § 1983 are subject to a three year statute of limitations. Shomo v. City of New York, 579 F.3d 176, 181 (2d Cir. 2009).  A § 1983 claim ordinarily accrues when the Plaintiff knows or has reason to know of the harm.  Id.  The proper focus is on the time of the unlawful act and when Plaintiff knows or has reason to know of the injury that is the basis of the action; not when the consequences become painful. Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir. 1994).

Here, the actions alleged to be attributable to the Town include applying for § 363-c benefits, removing Plaintiff from its payroll, and the failure to take steps to ensure that the Plaintiff received his Constitutional rights to due process (including a hearing on the termination of § 207-c benefits).  All of these actions (or inactions) pertain to matters that incurred more than three years prior to the filing of the Complaint in September 2009.

---

[7] The acts attributable to the Town include: (1) applying for retirement benefits in 1995; and (2) removing Plaintiff from payroll in 1999.

Significantly, Plaintiff was well aware of the application for § 363-c benefits, his removal from payroll, and his failure to get a hearing by 2001 at the very latest. See Compl. at ¶ 51. Accordingly, the § 1983 claims are time-barred.

To the extent Plaintiff asserts a claim under Municipal Law § 207-c, his benefits under that section were terminated in 1999 as a result of the Retirement System's decision to grant § 363-c benefits and his application for those benefits in 2001. Thus, Plaintiff was aware of the termination of his § 207-c benefits by 2001 at the latest. That occurred long before the filing of the instant Complaint and beyond any applicable statute of limitations. See N.Y.C.P.L.R. §§ 217 (four month statute of limitations for Article 78 proceedings)[8]; Heaton v. Monroe County, 78 A.D.3d 1501 (4th Dep't 2010) (applying four month statute of limitations to action challenging denial of benefits under § 207-c); Raymond v. Walsh, 63 A.D.3d 1715 (4th Dep't 2009); DeGiacomo v. Kissinger, 62 A.D.2d 1048 (2d Dep't 1978) (applying the three year statute of limitations in C.P.L.R. § 214(2) to an action for declaratory relief under Gen. Mun. Law § 207-c).

Turning to Plaintiff's claims under the ADA and the HRL, Defendant contends that Plaintiff was issued a right-to-sue letter in June 2000. Plaintiff does not refute this. The instant complaint was filed more than 90 days after June 2000 (for purposes of the ADA claim) and three years after June 2000 (for purposes of the HRL claim).[9] Accordingly, these claims also are untimely.

---

[8] The only causes of action having a statute of limitations of greater than six years are clearly inapplicable to this case. See N.Y.C.P.L.R. Art. 2.

[9] Even considering Plaintiff's untimely memorandum of law in opposition to the motion to dismiss, it fails to set forth valid legal arguments that Plaintiff's claims are timely.

## IV.     CONCLUSION

For the foregoing reasons, the Town Defendant's motion to dismiss is GRANTED and the Complaint is DISMISSED as to the Town Board of the Town of Clarkstown, the Town of Clarkstown, William Collins, and Kevin Kilduff.[10]

IT IS SO ORDERED.

Dated: January 4, 2011

_____
Thomas J. McAvoy
Senior, U.S. District Judge

---

[10] The Court is aware that Plaintiff seeks to file an amended complaint naming Alexander Gromack as a Defendant. Nothing about the proposed amended complaint alters the Court's analysis herein.