UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOSEPH CLARK,

                        Plaintiff,

      v.                                   1:09-cv-1037

THOMAN DiNAPOLI AS STATE COMPTROLLER
OF THE STATE OF NEW YORK AND NEW YORK
STATE POLICE AND FIRE RETIREMENT SYSTEM,
et al.,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Plaintiff Joseph Clark commenced the instant action pursuant to 42 U.S.C. § 1983 asserting claims for violations of his rights as guaranteed by the due process and equal protection clauses of the Fourteenth Amendment and the First Amendment.  By Decision and Order dated October 13, 2011, the Court granted the remaining Defendants' motion to dismiss all claims except any claims brought pursuant to the First Amendment.  Presently before the Court is Defendants' motion pursuant to Fed. R. Civ. P. 12 seeking dismissal of the claimed violation of Plaintiff's First Amendment rights and Plaintiff's cross-motion to stay the Court's October 13, 2011.

In addressing the pending motions, the Court presumes familiarity with the facts, standard of review, and legal discussion set forth in the Court's prior decisions in this case, see Dkt. Nos. 58; 104, and will not restate them here.[1]

## I. DISCUSSION[2]

Defendant asserts two grounds for dismissal of the First Amendment claim: (1) any claims against the Retirement System and against DiNapoli in his official capacity are barred by the Eleventh Amendment; and (2) the First Amended Complaint fails to state a cognizable First Amendment claim. In response, Plaintiff concedes that he is not seeking monetary damages against the Retirement System or Defendant DiNapoli in his official capacity. Plaintiff responds that the First Amendment claim should not be dismissed because the Amended Complaint refers to a lawsuit, Rockland County PBA v. Clarkstown, that enjoined the Town of Clarkstown from sending certain records to the retirement system and "[t]he retirement system argued that there was a lawsuit Grosso v. Reagan, in which Mr. Clark was a plaintiff . . . and the state Comptroller was the defendant. Clearly [the] retirement system was well aware of the Plaintiff's union activity."

To succeed on a First Amendment retaliation claim, Plaintiff must demonstrate that Defendants' actions were motivated or substantially caused by his exercise of that right. Williams v. Town of Greenburgh, 535 F.3d 71, 76 (2d Cir. 2008). A plaintiff also must show some sort of resulting harm, such as adverse employment action (in the case of public employees), retaliatory conduct that would deter similarly situated individuals of ordinary

---

[1] The Court wishes to clarify a typographical error in the October 13, 2011 Decision and Order. On page 5, the Court referenced a December 15, 1999 hearing. The correct date is December 15, 2009.

[2] In reviewing the pending motion, the Court has excluded all matters submitted outside the pleadings.

firmness from exercising their constitutional right (in the case of inmates), and an actual chill in speech, in the case of private citizens.  Zherka v. Amicone, 634 F.3d 642, 645 (2d Cir. 2011).  Here, the First Amended Complaint claims that Plaintiff "exercised his right to free speech and to petition the government for redress of his grievances, which Plaintiff did for many years in running the day to day operations of the Rockland County PBA."  The Amended Complaint claims that Defendants granted Plaintiff's retirement application in retaliation for prior legal actions against the Retirement System.  The granting of the retirement benefits occurred long before the filing of the Complaint in this matter and, therefore, all claims related to the granting of those benefits are time-barred.

To the extent Plaintiff claims that Defendants failed to give him a hearing in retaliation for the exercise of his First Amendment rights, there are insufficient plausible allegations in the Amended Complaint to sustain such a claim.  Plaintiff's retirement application was approved in 1999.  Plaintiff's work with the union ended in 2000. Am. Compl. at ¶ 30.  In 2000, Plaintiff filed an Article 78 proceeding.  This action was dismissed on the ground that the Retirement System had not issued a final determination.  In 2001, Plaintiff applied for accidental disability retirement benefits.  As noted in the Court's prior Decision and Order, in August 2002, Defendant Coughlin, an attorney for the New York State and Local Retirement System, wrote Plaintiff stating "in the event you wish to continue with the administrative hearing on the Performance of Duty Disability Retirement application, please advise us in writing within thirty days of the date of this letter."  By letter dated October 8, 2002, Coughlin again wrote Plaintiff stating that, because he had not received a response to the October 8 letter, "the New York State and Local Retirement System considers the matter to be closed."  Sending letters to Plaintiff inquiring whether he wishes to pursue a hearing is

not indicative of efforts to deny him a hearing. Moreover, "[i]n late 2005, the Retirement System informed the Plaintiff that it had closed the Plaintiff's hearing file 'by mistake' and opened a new file with a new case number." Am. Compl. at ¶ 55. Plaintiff ultimately was afforded a hearing. These allegations belie the assertion that Defendants sought to prevent Plaintiff from having a hearing. Furthermore, the period of time between any protected conduct (which ceased by 2000) and any failure to provide a hearing is too attenuated to be suggestive of a causal relationship between any protected speech and retaliatory conduct. Accordingly, Plaintiff fails to state a claim under the First Amendment.

Lastly, Plaintiff cross-moves to have the Court's October 13, 2011 Order stayed while he is given an opportunity to complete discovery. Defendants' motion originally was made returnable on the Court's December 12, 2011 motion calendar. Under the Court's local rules, opposition papers were due on or before November 25, 2011. The parties requested an adjournment of the return date. By text order dated November 22, 2011, the Court granted the request for an adjournment. The text order, which is entered onto the docket and was served upon the parties, expressly states that Plaintiff's response to Defendants' motion was "due by 12/23/2011."

On December 23, 2011, Plaintiff filed a memorandum in opposition to Defendant's motion to dismiss and a cross-motion. The section of the memorandum of law in support of the cross motion reads, in its entirety, as follows:

> For the reasons set forth in the declaration of plaintiff's attorney Maureen McNamara, plaintiff respectfully request that the cross-motion for relief be granted.
>
> Plaintiff's attorney respectfully submits that the first amended complaint reflects a very complicated case, wherein the motion to dismiss was decided without the benefits of discovery. Plaintiff believes that with discovery, he will be able to make a showing entitling him to summary judgment

- 4 -

> The US Supreme Court decision in *Bell Atlantic Corp. v. Twombly*, 550 U. S. 544, and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 set forth the pleading standards, but it is obvious that the issue of plausibility have been problematic in fairly evaluating the complaint because the administrative agency defendant did not act in a normal manner with respect to the plaintiff.

No declaration was filed with the Memorandum of Law.  Rather, on Saturday, December 24, 2011, after the filing deadline had passed,[3] Plaintiff filed the declaration of his attorney, Maureen McNamara.  Plaintiff did not provide any explanation for the untimely filing.  Then, on December 26, 2011, Plaintiff filed an exhibit in support of her motion, together with a letter claiming that his attorney "was unable to file [her] declaration and [exhibit] . . . because for some unknown reason my PDF documents were not in acceptable PDF format. . . ."  Attorney McNamara did not file the Exhibit until December 26, 2011 because she "had to leave for a flight to Florida but was unable to file until [December 26] because of the closings of commercial facilities for the Holidays."

This is not the first time attorney McNamara has had problems filing papers in a timely manner.  See Dkts. 54; 58 at p. 4; 66; 97; 98.  General Order 10.2 provides that:

> Problems with the Filing User's system, such as . . . problems with hardware or software. . . will not constitute a technical failure under these Administrative Procedures nor excuse an untimely filing.  A Filing User who cannot file documents electronically because of a problem on the Filing User's system must file the documents conventionally along with an affidavit explaining the reason for not filing the documents electronically.

Accordingly, Attorney McNamara's problems with her PDF files do not excuse her untimely filing and she failed to follow the procedure set forth in General Order 10.2.  Accordingly, her declaration and the supporting exhibit are untimely and will not be considered.  Because

---

[3] General Order 22 clearly states that "[a] document will be deemed timely filed if electronically filed prior to midnight Eastern Time."

Plaintiff's timely filed memorandum of law does not substantiate a basis for requested relief, her cross-motion is DENIED.

In any event, there are insufficient grounds upon which to stay the Court's prior Decision and Order. Plaintiff claims that the Court erroneously concluded that he should have pursued his constitutional claims in an Article 78 proceeding because the hearing officer expressly refused to consider those claims. While, at the hearing, the hearing officer declined to address the constitutional claims believing he did not have the authority to address them, the final, written determination did address the constitutional claims. The Comptroller concluded that there was no proof of any injury, harm, or prejudice as a result of the delay sufficient to substantiate a constitutional claim. It was the Comptroller's written, final determination(which did address the constitutional claims) that was subject to review through an Article 78 proceeding. Plaintiff did not pursue an Article 78 proceeding.

## II.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED and Plaintiff's cross-motion is DENIED. The Clerk of the Court shall close the file in this matter.
IT IS SO ORDERED.
Dated: January 3, 2012

_____
Thomas J. McAvoy
Senior, U.S. District Judge